# Drummond *v.* State.

## *Indictment for Assault and Battery.*

1. " *Range line number five;*" meaning of, as used in act to change boundary line, &c.—The expression "range line number five," found in the act to change the boundary line between the counties of Blount, Walker and Jefferson, &c., providing that the county line between Blount, Walker and Jefferson counties shall commence at a point where Blount, Cullman and Walker counties meet or corner, and shall run thence due west, *to range line number five (5) west*, is a verbal inaccuracy; as under our system of surveying and numbering the public lands, the lines dividing the ranges are not numbered.

2. *Same.*—The legislature intended by the use of the words, "Range line number five," in said act, to indicate the line which is the eastern boundary line of range number five, and divides ranges number four and five; and hence left all of "Range five, west," in Walker county.

APPEAL from Circuit Court of Walker.

Tried before Hon. W. S. MUDD.

The appellant was convicted of an assault and battery. On the trial it was proved that the assault and battery took place in section sixteen (16), township fourteen (14), range five (5), west, and that that section, township, and range had been for years, and still was a part of the territory of Walker county, unless the same has been detached from said county, under the provisions of an act "to change the boundary line between the counties of Blount, Walker and Jefferson, and to authorize the removal of the county seat of Blount county." So much of that act as is material is as follows: "The county line between Blount, Walker and Jefferson counties

shall commence at a point where Blount, Cullman and Walker counties meet or corner, and shall run thence due west to range line number (5) five, west," &c. The appellant requested the following written charge: "That if the jury shall believe from the evidence that the assault and battery alleged in the indictment, were committed in section 16, township 14, range 5, west, that the offense was not committed in Walker county, and they must find the defendant not guilty. The court refused this charge, and he excepted.

A. H. McClung, and T. H. Watts, Sr., for appellant.

H. C. Tompkins, Attorney-General, *contra*.

STONE, J.—In the act "To change the boundary line between the counties of Blount, Walker and Jefferson, and to authorize the removal of the county seat of Blount county," Pamph. Acts 1876-7, p. 229, it is declared "that the county line between Blount, Walker and Jefferson counties shall commence at a point where Blount, Cullman and Walker counties meet or corner, and shall run thence due west to range line number (5) five, west," &c. The lines which divide and separate our lands into ranges, townships and sections are not numbered. A line is but an extension of a point, and while it has length, it has neither breadth nor thickness. Ranges and townships are intended to be six miles wide, and are proximately so. Ranges extend north and south, parallel with each other, and are separated by lines. These ranges, or spaces of six miles width, commencing at a base, or meridian line, are numbered with rising, consecutive numerals, going both east and west. Hence, we have range 1 east, range 1 west, and so on. Starting at the meridian, or basis of survey, and going west, we travel six miles in range one west. Then crossing the line, we enter range two west, which also extends six miles. Now, the line which separates ranges 1 and 2, is alike the line of each range. It can not, with accuracy, be expressed or defined by number. If we call it range line one, because it is a line of range one, it is equally a line of range two; but, it is only the eastern line. There is another line or boundary of range two, known as the western, which is, in its turn, the line or boundary of two ranges, 2 and 3. As well speak of a section line by numbers, when it is a quadrangle having four lines or sides, as to characterize a range line by numbers. This is a verbal inaccuracy, which occurred in draughting,

[Drummond v. State.]

engrossing, or enrolling the bill.   Chancellor KENT, 1 Com. 468, marg. says, " It would be quite visionary to expect, in any code of statute law, such precision of thought and perspicuity of language as to preclude all uncertainty as to the meaning, and exempt the community from the evils of vexatious doubts and litigious interpretations."   And he quotes Lord COKE as saying, with characteristic brusqueness, that in his day great questions had oftentimes arisen " upon acts of Parliament, overladen with provisos and additions, and many times on a sudden penned or corrected, by men of none, or very little judgment in law."   We do not adopt this last phrase in its whole extent; but in our professional experience we have found many men who were bewildered by the terms in which our land surveys and divisions are expressed.

We have said that " range line number five " is a verbal inaccuracy.   We find nothing in the other portions of the act which aids us in its interpretation.   We would accord to every word in the statute some meaning, if we could.   We have consulted the rules of interpretation as laid down by eminent authors, and find nothing in them which sheds any light on this question.   The nearest approach we can make to a satisfactory solution, is to treat these words as the synonym of *line of range number five*.   But there are two lines of range number five west—the one bounding it east, and the other bounding it west.   Which of these lines was meant?   The line described, after stating its initial point, ran west.   " Thence due west," is the language of the statute. When it reached the first and nearest line of range five, it complied with every requirement of the statute.   It had then reached line of range number five, and was required to go no further.   We are convinced that the act under discussion left all of range five west in Walker county, and that the Circuit Court did not err in so ruling.

Affirmed.